IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KRISH HOSPITALITY LLC,  KRISH INVESTMENTS INC., <br><br> *Plaintiffs,* <br><br> vs. <br><br> AMGUARD INSURANCE COMPANY, COLIN GEORGE MCGONAGLE, <br><br> *Defendants.* | § § § § § § § § § § § §    SA-23-CV-00450-FB |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns  Plaintiffs' Opposed Motion to Remand [#8]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#5].  The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).   For the reasons set forth below, it is recommended that Plaintiffs' motion be denied.

## I.  Background and Analysis

This case arises out of an insurance dispute between Plaintiffs and their insurer, AmGuard Insurance Company.  Plaintiffs originally filed this suit in state court against AmGuard and its adjuster, Colin George McGonagle.  On April 10, 2023, AmGuard filed an election of legal responsibility in state court pursuant to Section 542A.006(a) of the Texas Insurance Code.  (Election [#1-1], at 3.)  By this election, AmGuard informed the Court that it has accepted all liability for McGonagle.  Several days later, on April 13, 2023, AmGuard

1

removed the case to this Court, alleging removal jurisdiction based on diversity. *See* 28 U.S.C. § 1332. In the Notice of Removal, AmGuard pleads that Plaintiffs are citizens of Texas, and it is a citizen of Pennsylvania; thus, there is complete diversity of citizenship among the parties. AmGuard asserts that, although McGonagle is also a Texas citizen, his citizenship must be disregarded in evaluating diversity jurisdiction because AmGuard accepted responsibility for McGonagle's liability prior to removal and, therefore, McGonagle must be dismissed from this suit. Following removal, Plaintiffs filed a motion to remand, alleging McGonagle was properly joined and his citizenship destroys diversity jurisdiction. The motion is without merit and should be denied.

AmGuard, as the removing party, bears the burden to prove improper joinder of a non-diverse defendant. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000). A defendant may establish improper joinder in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)) (internal quotation marks omitted). Only the second method of proving improper joinder is at issue here.

To show that a plaintiff cannot establish a cause of action against the non-diverse party in state court, a defendant must show "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* Importantly, "to determine whether a plaintiff has improperly joined a non-diverse defendant, the district court must examine the plaintiff's possibility of recovery against that

defendant *at the time of removal*." *Flagg v. Stryker Corp.*, 819 F.3d 132, 137 (5th Cir. 2016) (emphasis in original).

Defendant argues that there is no possibility of recovery against McGonagle because it elected to take responsibility for the adjuster's liability prior to removal pursuant to Texas Insurance Code Section 542A.006. Section 542A.006 provides that should an insurer accept responsibility for its agent after suit is filed, "the court shall dismiss the action against the agent with prejudice." Tex. Ins. Code § 542A.006(c). It is undisputed that, after the state-court petition was filed but prior to removal, AmGuard elected to accept responsibility for McGonagle pursuant to Texas Insurance Code § 542A.0006(a). (Election, [#1-1], at 3.) The state court did not dismiss McGonagle from this suit prior to removal as directed by the statute.

Courts had previously been split over whether a pre-removal election of responsibility under the Texas Insurance Code results in a basis for removal. The basis for the split was the "voluntary-involuntary rule," which stands for the principle that "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff." *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967). In 2022, the Fifth Circuit resolved the split, holding that a pre-removal election of responsibility requires dismissal of the non-diverse defendant and therefore creates a basis for removal jurisdiction without violating the voluntary-involuntary rule. *Advanced Indicator and Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 474–75 (5th Cir. 2022). Because AmGuard elected to take responsibility for McGonagle's liability prior to removal, there was no possibility of recovery against McGonagle at the time of removal, and his citizenship should not be considered in evaluating diversity jurisdiction.

In sum, AmGuard has satisfied its burden to establish removal jurisdiction, and Plaintiffs' motion to remand should be denied. The undersigned will also recommend the District Court

dismiss McGonagle from this suit with prejudice in light of the mandate in Section 542A.006(c) of the Texas Insurance Code.

## II.  Conclusion and Recommendation

Having considered Plaintiffs' motion, AmGuard's response, the record int his case, and the governing law, the undersigned recommends that Plaintiffs' Opposed Motion to Remand [#8] be **DENIED**.  The undersigned further recommends that Defendant Colin George McGonagle be **DISMISSED WITH PREJUDICE**.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain

error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED.**

SIGNED this 30th day of June, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE